UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIKA R. S.,<br><br>         Plaintiff,<br><br>    v.<br><br>ANDREW SAUL,<br>Commissioner of Social Security,<br><br>         Defendant. | No. CV 20-4541 AGR<br><br><br>MEMORANDUM OPINION AND ORDER |

    Plaintiff[1] filed this action on May 20, 2020. The parties filed a Joint Stipulation that addressed the disputed issue. The court has taken the matter under submission without oral argument.[2]

    Having reviewed the entire file, the court reverses the decision of the Commissioner and remands for reconsideration of Dr. Siekerkotte's opinions and further proceedings at step five of the sequential analysis if appropriate.

---

    [1] Plaintiff's name has been partially redacted in compliance with Fed. R. Civ. P. 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

    [2] Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the magistrate judge. (Dkt. Nos. 11, 12.)

# I.

## PROCEDURAL BACKGROUND

Plaintiff filed an application for disability insurance benefits and supplemental security income benefits on June 19, 2017, and alleged an onset date of November 24, 2015. Administrative Record ("AR") 16. The applications were denied initially and on reconsideration. AR 16, 496-97, 522-23. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). On January 28, 2019, the ALJ conducted a hearing at which Plaintiff and a vocational expert testified. AR 444-63. On March 7, 2019, the ALJ issued a decision denying benefits. AR 13-25. On March 31, 2020, the Appeals Council denied review. AR 1-6. This action followed.

# II.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court has authority to review the Commissioner's decision to deny benefits. The decision will be disturbed only if it is not supported by substantial evidence, or if it is based upon the application of improper legal standards. *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995) (per curiam); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

"Substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." *Moncada*, 60 F.3d at 523. In determining whether substantial evidence exists to support the Commissioner's decision, the court examines the administrative record as a whole, considering adverse as well as supporting evidence. *Drouin*, 966 F.2d at 1257. When the evidence is susceptible to more than one rational interpretation, the court must defer to the Commissioner's decision. *Moncada*, 60 F.3d at 523.

# III.

# DISCUSSION

## A. Disability

A person qualifies as disabled, and thereby eligible for such benefits, "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Barnhart v. Thomas*, 540 U.S. 20, 21-22 (2003) (citation and quotation marks omitted).

## B. The ALJ's Findings

The ALJ found that Plaintiff met the insured status requirements through December 31, 2021. AR 18. Following the five-step sequential analysis applicable to disability determinations, *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006),[3] the ALJ found that Plaintiff had the severe impairments of Morton's neuroma bilaterally, migraine headaches, rheumatoid arthritis, and intermittent sciatica. AR 18.

The ALJ found that Plaintiff had the residual functional capacity to perform light work except that she can frequently balance, stoop, kneel, crouch, climb stairs, and perform gross and fine manipulation of the upper extremities. She can occasionally climb ladders and crawl. AR 21. The ALJ concluded that Plaintiff was capable of performing her past relevant work as a hotel front desk clerk and as a assistant manager/storage as actually and generally performed. AR 24.

---

[3] The five-step sequential analysis examines whether the claimant engaged in substantial gainful activity, whether the claimant's impairment is severe, whether the impairment meets or equals a listed impairment, whether the claimant is able to do his or her past relevant work, and whether the claimant is able to do any other work. *Lounsburry*, 468 F.3d at 1114.

### C. Examining Physician

Plaintiff argues that the ALJ improperly considered the opinions of Dr. Siekerkotte.

The residual functional capacity ("RFC") assessment measures the claimant's capacity to engage in basic work activities. *Bowen v. New York*, 476 U.S. 467, 471 (1986). The RFC is a determination of "'the most [the claimant] can still do despite [the claimant's] limitations.'" *Treichler v. Comm'r*, 775 F.3d 1090, 1097 (9th Cir. 2014) (citation omitted).

When considering a medical source opinion, an ALJ evaluates several factors: (1) supportability; (2) consistency with other evidence; (3) relationship with the claimant; (4) specialization; and (5) other factors. 20 C.F.R. §§ 404.1520c(c)(1)-(5), 416.920c(c)(1)-(5). The first two factors are the most important factors. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2).

When an examining physician's opinion is contradicted, the Ninth Circuit previously held that "'an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence.'" *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017) (citation omitted). It remains to be seen whether this standard will continue to apply after the regulations governing consideration of medical opinions changed for applications filed after March 27, 2017. "When there is conflicting medical evidence, the Secretary must determine credibility and resolve the conflict." *Thomas v. Barnhart*, 278 F.3d 947, 956-57 (9th Cir. 2002) (citation and quotation marks omitted).

Dr. Siekerkotte performed an internal medicine examination of Plaintiff on September 25, 2017. AR 958-62. Plaintiff reported that she can take care of her personal needs. She can do the cooking, dishes, shopping and laundry, but folding laundry is hard. AR 958. She reported headache with nausea, vomiting, and photo- and phonophobia in the morning. AR 959.

On examination, Plaintiff appeared in no acute distress. AR 959. Her examination was normal except that she had knee pain on range of motion testing, right

greater than left; right wrist pain on range of motion testing; pain in the middle carpal phalangeal finger joint; and motor strength of 5/5 except for right grip strength of 5-/5. Plaintiff had painful grips bilaterally, tenderness across her low back, and tender callouses on the balls of her feet.  Plaintiff has thickening with soft bogginess of the metacarpophalangeal joint #2 (knuckle) and less so over joint #3 with some lateral deviation.  She had a positive Phalen's sign on the right.  AR 959-61.

Dr. Siekerkotte diagnosed rheumatoid arthritis and low back pain.  AR 961. Plaintiff could sit without limitations; stand and walk slowly for sit hours in an eight-hour workday; and lift/carry 10 pounds frequently "with some decreased right grip strength, painful grip, right more than left upper extremity deformity and soft tissue swelling, and positive Phalen's."  She could frequently balance, stoop, crouch and kneel; and occasionally climb stairs and crawl.  She should avoid climbing ladders.  She could feel bilaterally without limitation, and frequently reach.  She could frequently handle and finger on the left and occasionally on the right.  AR 961-62.

The ALJ found Dr. Siekerkotte's opinion unpersuasive "as it is not supported by the objective findings in the medical evidence of record, nor in Dr. Siekerkotte's own evaluation which noted a normal gait and station and normal range of motion."  AR 23.

Plaintiff correctly argues that the ALJ's reasons for rejecting Dr. Siekerkotte's opinions are unsupported by substantial evidence.  The ALJ found that Plaintiff had the residual functional capacity to perform light work except that she can occasionally climb ladders and crawl, and frequently balance, stoop, kneel, crouch, climb stairs, and perform gross and fine manipulation of the upper extremities.  AR 21.  The RFC assessment necessarily rejected Dr. Siekerkotte's opinions that would limit Plaintiff to frequent lifting/carrying 10 pounds, frequent reaching, frequent handling and fingering on the left, and occasional handling and fingering on the right.  Contrary to the ALJ's finding, Dr. Siekerkotte explained these limitations as based on right wrist pain on range of motion testing; pain in the middle carpal phalangeal finger joint; right grip strength of 5-/5;   painful grips bilaterally; thickening with soft bogginess of the

5

1 metacarpophalangeal joint #2 (knuckle) and less so over joint #3 with some lateral deviation; and positive Phalen's sign on the right. AR 959-61. The ALJ did not identify any contrary clinical findings. The state agency physicians opined that Dr. Siekerkotte's opinions were internally consistent and supported by the overall objective and subjective evidence in the file. AR 475, 491, 505, 517. Although the state agency physicians opined that Plaintiff is capable of light work, the ALJ does not cite and the record does not reflect the reason for the state agency physicians' disagreement with Dr. Siekerkotte. AR 471-72, 488-89, 507, 519.

The error is not harmless if Plaintiff would be incapable of performing her past relevant work either as actually performed or as generally performed. *See Pinto v. Massanari*, 249 F.3d 840, 845 (9th Cir. 2001). Dr. Siekerkotte's limitations to frequent reaching, frequent handling and fingering on the left, and occasional handling and fingering on the right could be accommodated by the assistant manager, storage job identified by the ALJ and vocational expert. DOT 189.167-018. However, Dr. Siekerkotte's limitation to frequent lifting/carrying of 10 pounds would preclude Plaintiff's past relevant work of hotel front desk clerk and assistant manager, storage as actually and generally performed because both jobs are categorized as light work in the DOT and performed at that level. AR 24, 460. Accordingly, the matter will be remanded.

## IV.

## ORDER

IT IS HEREBY ORDERED that the decision of the Commissioner is reversed and remanded for reconsideration of Dr. Siekerkotte's opinions and further proceedings at step five of the sequential analysis if appropriate.

DATED: June 14, 2021

ALICIA G. ROSENBERG
United States Magistrate Judge